IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELSEY LENORA SCHLAGEL, | ) |
| Plaintiff, | ) 2:23-CV-1890 |
| v. | ) |
| BUTLER COUNTY CHILDREN & YOUTH SERVICES, | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

Before the Court is Defendant Butler County Children & Youth Services's (CYS) motion to dismiss (ECF 13) *pro se* Plaintiff Chelsey Schlagel's amended complaint (ECF 4). That motion is fully briefed and ready for disposition. After careful consideration, for the reasons below, the Court will **GRANT** CYS's motion, though Ms. Schlagel will be given leave to amend certain claims.

### DISCUSSION & ANALYSIS[1]

Ms. Schlagel brings constitutional and state-law claims stemming from CYS's removal of her children from her custody in February 2021. ECF 4, p. 1; ECF 17, p.

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Any reasonable inferences should be considered in the light most favorable to the plaintiff. *Lula v. Network Appliance*, 255 F. App'x 610, 611 (3d Cir. 2007) (citing *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989)).

Because Ms. Schlagel is *pro se*, the Court "interpret[s her] complaint liberally[,]" and holds it "to less stringent standards than formal pleadings drafted by lawyers." *Garcia v. Navy Fed. Credit Union*, No. 22-1090, 2023 WL 2058054, at *1 (W.D. Pa. Feb. 16, 2023) (Stickman, J.) (cleaned up). Still, Ms. Schlagel "must allege sufficient facts in [her] complaint[] to support a claim." *Id.* (cleaned up).

1. As the Court has summarized, she alleges that CYS didn't "perform[] a proper investigation into her care of her children, improperly rel[ied] on the 'best interests of the child' standard to determine whether her parental rights should be terminated, [failed to] fully consider[] her 'fitness as a parent,' discriminat[ed] against her because of her pregnancy status, and coerc[ed] her into signing away her parental rights." ECF 11, p. 1.

CYS has moved to dismiss Ms. Schlagel's amended complaint, arguing that (1) her pleading is deficient; (2) her constitutional claims fail because CYS isn't the proper party, and she hasn't pled municipality liability; (3) her state-law claims are barred by the Pennsylvania Political Subdivision Tort Claims Act; and (4) that Ms. Schlagel impermissibly seeks injunctive relief. ECF 14.

The Court agrees with CYS that she hasn't pled municipality liability, that Ms. Schlagel's state-law claims are barred, and that injunctive relief is inappropriate, so it need not otherwise reach whether her complaint is sufficiently pled. The Court addresses these arguments below.

## I. The Court will dismiss Ms. Schlagel's request for injunctive relief with prejudice.

Ms. Schlagel requests that CYS return her children to her or to the foster family that was to adopt them. ECF 17, p. 3. As the Court explained after screening Ms. Schlagel's amended complaint, however, Ms. Schlagel can't obtain this injunctive relief because it "would overturn any parental-termination order" and therefore run afoul of *Rooker-Feldman*. *See* ECF 11, pp. 1-2 (citing *Shallenberger v. Allegheny*

*Cnty.*, No. 2:20-CV-00073, 2020 WL 1465853, at *9 (W.D. Pa. Mar. 26, 2020) (Ranjan, J.)).

The Court thus **GRANTS** CYS's motion to dismiss Ms. Schlagel's amended complaint on this claim with prejudice.

II. **The Court will dismiss Ms. Schlagel's constitutional claims without prejudice.**

CYS argues that the Court should dismiss Ms. Schlagel's constitutional claims because, as a sub-unit of the political subdivision Butler County, it isn't a "person" capable of being sued under Section 1983. ECF 14, p. 5.[2] CYS further contends that, even if that weren't the case, Ms. Schlagel hasn't pled *Monell* liability. *Id.* The Court agrees, in part.

First, as to the issue of whether CYS is a "person," that is an issue that can only be resolved either after CYS answers the amended complaint with additional facts or after some discovery.

To state a Section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). The Third Circuit has endorsed CYS's "person" argument as applied to prosecutorial offices. *See Reitz v. Cnty. of*

---

[2] Section 1983 of the Civil Rights Act provides:

> ***Every person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

*Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (affirming summary judgment for district attorney's office because it wasn't "an entity for purposes of § 1983 liability"); *see also Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (citing *Reitz* and affirming dismissal of Section 1983 suit against prosecutor's office because it wasn't "a separate entity that can be sued under § 1983"). And courts within the Western and Eastern Districts have applied it to entities like CYS. *See, e.g.*, *Gajarov v. Allegheny Cnty. Off. of Child., Youth, & Fams.*, No. 20-01017, 2021 WL 140842, at *5 (W.D. Pa. Jan. 15, 2021) (Hornak, C.J.); *Carter v. Child & Youth Servs.*, No. 23-0798, 2024 WL 69341, at *4 (E.D. Pa. Jan. 5, 2024) (collecting cases).

But there is nothing in the pleadings here that would establish whether CYS is an entity independent of Butler County, so the Court can't resolve this issue now. *See Kane v. Chester Cnty. Dep't of Child., Youth & Fams.*, 10 F. Supp. 3d 671, 686 (E.D. Pa. 2014) (first determining whether Chester County Department of Children, Youth and Families was a legal entity separate from Chester County); *cf. Harper v. City of Phila.*, No. 18-365, 2018 WL 5784549, at *2 (E.D. Pa. Nov. 2, 2018) ("District courts within the Third Circuit disagree about whether the [District Attorney's Office] is a separate entity from the City of Philadelphia such that it can be sued separately under § 1983."); *Sourovelis v. City of Phila.*, 103 F. Supp. 3d 694, 711 (E.D. Pa. 2015) (declining to follow *Reitz* as "arguably dicta" and criticizing district courts for "rel[ying] on this single line [from *Reitz*] without any explanation, independent analysis, or scrutiny" into whether a district attorney's office is an independent state entity).

Second, even if CYS were considered a "person," the amended complaint fails to state a claim because Ms. Schlagel hasn't alleged *Monell* liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Under *Monell*, "a § 1983 claim against a municipality may proceed in two ways. A plaintiff may put forth that an unconstitutional policy or custom of the municipality led to his or her injuries, or that

they were caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice," such as a failure to train, supervise, or discipline its employees. *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (cleaned up).

Ms. Schlagel's amended complaint lacks allegations of either theory. She doesn't "identify a custom or policy [that was the source of her constitutional injury], and specify what exactly that custom or policy was." *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Nor does she allege that CYS (or Butler County) failed to train, supervise, or discipline its employees and that such failure "amounts to deliberate indifference to the constitutional rights of those affected." *Forrest*, 930 F.3d at 106.

The Court will therefore **GRANT** CYS's motion to dismiss Ms. Schlagel's constitutional claims. Because Ms. Schlagel is proceeding *pro se*, this dismissal will be without prejudice to Ms. Schlagel further amending her complaint to include claims consistent with municipal liability. The Court would also recommend that Ms. Schlagel examine CYS's arguments as to being a sub-unit of Butler County, and, if appropriate, amend to substitute Butler County in place of CYS. *See Kane*, 10 F. Supp. 3d at 686 (granting leave to amend complaint to include Chester County as defendant in place of Chester County Department of Children, Youth and Families).

### III.   The Court will dismiss Ms. Schlagel's state-law claims with prejudice.

CYS argues that Ms. Schlagel's state-law claims are barred by the Political Subdivision Tort Claims Act (PSTCA), 42 Pa. C.S. § 8541 et seq. ECF 14, p. 6. The PSTCA grants local agencies immunity from "damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S. § 8541. Relief from this bar is limited; only negligence claims may survive, and only if they fall within nine enumerated exceptions. *See* 42 Pa. C.S. 8542(b).

So the Court agrees with CYS that to the extent Ms. Schlagel is asserting claims for intentional torts, they are barred by the PSTCA. *See W. on behalf of S.W. v. Pittsburgh Pub. Sch.*, 327 A.3d 340, 346 (Pa. Commw. Ct. 2024) (explaining PSTCA "bars recovery from the local agency because liability may be imposed on a local agency only for negligent acts" (citation omitted)). And Ms. Schlagel's negligence claim doesn't fall under the enumerated exceptions. *See* ECF 14, pp. 6-7 (citing 42 Pa. C.S. 8542(b)).

The Court will therefore **GRANT** CYS's motion to dismiss Ms. Schlagel's state-law claims. Because amendment would be futile, this dismissal of these claims will be with prejudice.

\*   \*   \*

Accordingly, after careful consideration, it is hereby **ORDERED** that CYS's motion to dismiss (ECF 13) is **GRANTED**. Ms. Schlagel's request for injunctive relief, and her state-law claims, are dismissed with prejudice. Ms. Schlagel's constitutional claims are dismissed without prejudice. Ms. Schlagel may amend her complaint by March 31, 2025. If Ms. Schlagel doesn't amend her complaint by that date, the Court will convert the dismissal of the constitutional claims to being with prejudice.

Date: March 3, 2025                                     BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Chelsea Lenora Schlagel
900 10th Avenue
Apt. 54
Beaver Falls, PA 15010